UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REUBEN A. ALVAREZ, JR., | : | CIVIL ACTION NO. 3:CV-12-0493 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| D.B. KRANZEL, | : | |
| Respondent | : | |

**MEMORANDUM**

Reuben a. Alvarez, Jr., an inmate confined in the Allenwood Federal Correctional Institution ("FCI-Allenwood"), White Deer, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Alvarez alleges due process violations in connection with a September 2, 2009 incident report that he received at the Metropolitan Correctional Center in New York, New York ("MCC-New York"). (Doc. 1, petition). Specifically, Petitioner claims he was never provided a copy of the incident report, even after the hearing, which took place on October 8, 2009. Id. For relief, he seeks the expungement of the incident report from his disciplinary record and the restoration of his good conduct time. Id.

**Background**

On September 2, 2009, Alvarez received an incident report for a violation of Code 112, use of drugs/alcohol, while he was housed at MCC-New York. (Doc. 6-1, Ex. 1, Declaration of Joseph McCluskey, Senior Attorney at FCC, and Ex. 3, Att. 1, Inmate Discipline Data, Chronological Discipline Data).

According to the BOP's SENTRY records, a hearing was conducted before a DHO on October 8, 2009. Id. The DHO found Alvarez guilty of testing positive for use of marijuana

and penalized him to sanctions that included a forty-day loss of good conduct time. See id.

Alvarez was confined at MCC-New York from April 19, 2007 until January 10, 2010, and was received at FCI- Allenwood on February 2, 2011. (Doc. 6-1, Ex. 1, McCluskey Decl).

Despite an extensive search, BOP staff members have been unable to locate the entire disciplinary packet for the incident report that is the subject of Alvarez's habeas corpus petition. Id. Therefore, the BOP has agreed to expunge the incident report issued on September 2, 2009 from Alvarez's prison disciplinary record, and restore the resulting forty-day loss of good conduct time. Id. at ¶ 5.

**Discussion**

Article III of the Constitution provides that the "judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. Const. art. III, §§2. "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies.' Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must e dismissed as moot.' Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review. See Khodara Envtl., Inc., 237 F.3d at 193 (citing Lewis v. Continental Bank Corp., 494 U.S. 472 (1990)." County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001). Alvarez's petition for writ of habeas corpus has

been rendered moot by virtue of the expungement of the incident report and the restoration of his good conduct time. As there is no longer a live case or controversy, the petition for writ of habeas corpus will be dismissed as moot.

        A separate Order will be issued.

Dated: May 22, 2012

*United States District Judge*